CHRISTOPHER ONSTOTT, State Bar No. 225968
*constott@kmtg.com*
ASHLEE M. GILLIAM, State Bar No. 318910
*agilliam@kmtg.com*
KRONICK, MOSKOVITZ, TIEDEMANN & GIRARD
A Professional Corporation
1331 Garden Hwy, 2nd Floor
Sacramento, California 95833
Telephone: (916) 321-4500
Facsimile: (916) 321-4555

William S. Myers (admitted *Pro Hac Vice*)
*WMyers@eckertseamans.com*
Gretchen Panchik (admitted *Pro Hac Vice*)
*GPanchik@eckertseamans.com*
ECKERT SEAMANS CHERIN & MELLOTT, LLC
600 Grant Street, 44th Floor
Pittsburgh, PA 15219
Telephone: (412) 566-6133
Facsimile: (412) 566-6099

Attorneys for Defendant, ALSTOM TRANSPORTATION, INC.

# THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN FERRER, an individual<br><br>Plaintiff,<br><br>v.<br><br>ALSTOM TRANSPORTATION, INC.; and DOES 1-20, inclusive,<br><br>Defendants. | Case No. 3:23-cv-06656-AGT<br><br>**JOINT CASE MANAGEMENT STATEMENT UNDER FED. R. CIV. PROC. 26(F)**<br><br>[Originally San Mateo County Superior Court Action No. 23-CIV-05632]<br><br>State Action filed: November 27, 2023<br>Removal Date: December 28, 2023<br>Trial Date: August 18, 2025 |

**TO ALL PARTIES AND THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE:** Plaintiff, KEVIN FERRER ("Plaintiff") and Defendant, ALSTOM TRANSPORTATION, INC. ("Defendant") (collectively, the "Parties"), by and

- 1 -
JOINT RULE 26(F) REPORT

through their counsel of record, have met and conferred on the topics required by Federal Rule of Civil Procedure ("FRCP") 26(f) and Local Civil Rule 16-9 and hereby submit the following Joint Case Management Statement.

## I. JURISDICTION AND SERVICE

The Court has original diversity jurisdiction pursuant to 28 U.S.C. 1332 as the matter involves a dispute allegedly in excess of $75,000 between Parties with different state citizenships.

## II. FACTS

### A. **Plaintiff's Position**

On June 6, 2022, Alstom Transportation, Inc. hired Plaintiff as a Maintenance Supervisor. As a Maintenance Supervisor, Plaintiff's duties required supervising maintenance/central control personnel for the passenger air trains that Alstom operated and maintained at SFO (San Francisco International) airport. His duties included reviewing train recoveries/incidents while conducting tabletop exercises, reviewing work orders for accurate information, payroll & employee attendance review and enforcements if necessary, setting shift expectations, performing safety walkthroughs throughout the APM system, maintaining on-call availability, updating and creating internal documents relating to maintenance and central control operations. Plaintiff successfully performed the essential functions of the Maintenance Supervisor.

Plaintiff Kevin Ferrer ("Plaintiff" or "Ferrer") was a disabled person within the meaning of FEHA. He was diagnosed with disabilities which are codified and identified as disabilities under FEHA. These disabilities also triggered severe asthma attacks. This was confirmed by both Concentra, the medical provider that Alstom sent Plaintiff too after he filed his workers compensation claim and Plaintiff's Kaiser medical professionals. However, neither of these two indications were sufficient for Defendant to provide Ferrer with his requested reasonable accommodation: a finite, month-long, medical leave of absence.

Nurse Practitioner, Benjamin Quintos ("Quintos") completed Alstom's unlawful ADA form which called for him to identify Plaintiff's diagnosis. His notes clearly and unequivocally demonstrated that Plaintiff suffered from a chronic health condition that affected major life

activities such as **working and breathing**. Instead of accepting the completed form, Alstom demanded that Quintos answer an additional, specific question that was not on the original unlawful ADA form. After Quintos had fully completed their ADA form, Jessica Ibazeta, Alstom's Human Resources Business Partner ("Ibazeta") demanded that Quintos and/or Kaiser answer this question: "How a one month leave will enable Kevin Ferrer to perform the essential functions of his job?" Its demand for an almost immediate response to this question is not supported by the FEHA or any applicable case law.

Alstom created a moving target for Ferrer because it believed he fabricated his disabilities to take time off for the recent death of a child family member in the Philippines. Quintos' completed ADA form and medical note indicating he needed time off from work should have put Alstom on notice that Plaintiff was disabled within the meaning of FEHA. Instead, Alstom's counsel contends that Plaintiff's health conditions are "alleged disabilities."

In March and April 2023, Alstom, by and through its managing agents Ibazeta, Alfredo Hinojosa ("Hinojosa") the Site Director, and Keith Goldsborough ("Goldsborough"), the Operations & Maintenance Manager, repeatedly stated it could not confirm he had a qualifying disability and refused to accept the doctor's note from Kaiser indicating that Plaintiff required a medical leave through April 21, 2023. In early April, Ferrer informed Goldsborough via text message that he would call in sick once every 7 days, as Goldsborough requested. Goldsborough did not respond to him or inform him that this would be insufficient. Just five days later, on April 10, 2023, Ibazeta terminated Plaintiff's employment via email. Ibazeta claimed that his employment was terminated due to insubordination. However, it is abundantly clear that Alstom terminated Plaintiff because of his disability and requests for reasonable accommodations. Defendant has not produced any evidence demonstrating that it would have been an undue hardship for it to provide Plaintiff with the month-long medical leave of absence his medical professionals recommended, and that Concentra also recommended.

We anticipate Alstom will argue that Ferrer was unable to perform the essential functions of his job because of his diagnoses. However, what happened here is a prime example of why

1  California enacted FEHA, which provides greater protection to disabled employees than the ADA.
2  Importantly, FEHA does not require employees to disclose their actual medical conditions to
3  employers. One of the obvious reasons that FEHA codified this protection was to prevent HR
4  personnel and supervisors from making medical determinations about an employee's ability to
5  perform his essential job functions.

6  That decision is best left to trained medical professionals—not HR employees. HR
7  personnel should not make decisions as to whether an employee is able to perform his job duties
8  based solely on their own personal understandings and biases about an employee's medical
9  conditions. This is precisely what happened here. Three of Defendant's management level
10 employees should not have bullied their way to learning Plaintiff's private and protected mental
11 health diagnoses.

12 Employers in California with access to the internet have access to free resources[1] which
13 indicate what they can (and more importantly, what they *cannot*) ask their employees who request
14 reasonable accommodations. The website even provides a sample form for employers' use. Further
15 demonstrating their lack of compliance with California law—whether by ignorance or intentional
16 disregard—Alstom also required Plaintiff to sign an unlawful non-compete clause which violates
17 Labor Code Section 432.5. Nor did Alstom comply with AB 1076, which required California
18 employers to inform all employees who executed unlawful clauses that they were indeed unlawful
19 and unenforceable on or before February 17, 2024.

20 **B. Defendant's Position**

21 Alstom Transportation, Inc. (Defendant) is incorrectly identified in the Complaint as
22 Plaintiff's employer at the San Francisco Airport. At all times relevant to this action, Plaintiff was
23 an employee of Alstom Transport USA Inc., an affiliate of Defendant Alstom Transportation, Inc.[2]

---

[1] https://calcivilrights.ca.gov/accommodation/

[2] For the convenience of the parties and the Court, and to preserve judicial resources, Defendant will consent to the substitution of Alstom Transport USA Inc. as the proper defendant for this action, and will work with Plaintiff to accomplish that. For purposes of this Report, Defendant Alstom Transportation, Inc. will respond as such, but where pertinent, will refer to the employing entity (Alstom Transport USA Inc.) as "Alstom."

Alstom denies that Plaintiff was terminated due to his engagement in various protected activities as alleged in the Complaint. Rather, Plaintiff requested vacation time off to go to the Philippines in April 2023, which was approved by Alstom. In the interim, Plaintiff exhausted his paid time off and, as a result, Alstom requested that Plaintiff adjust his upcoming vacation time off. Plaintiff then requested bereavement leave to go to the Philippines nonetheless to pay respects to his cousin. Alstom denied this request because cousins are outside the scope of Alstom's bereavement policy. Upon this denial, Plaintiff requested a multi-week leave of absence as an accommodation for work-related stress (covering the requested vacation time).

On March 17, 2023, Alstom provided Plaintiff with Alstom's ADA accommodation request questionnaire for his healthcare provider, which Plaintiff returned the same day signed by a nurse practitioner. However, the responses, without reason, concluded that Plaintiff needed time off to utilize an Employee Assistance Program (EAP). At a minimum, the responses failed to explain how several weeks off would change Plaintiff's alleged condition. Alstom attempted to better understand Plaintiff's situation and approved unpaid leave on March 28, 2023 and Alstom also offered a thirty-day flexible work schedule to participate in EAP and provide additional information to assist Alstom in determining whether Plaintiff was disabled, and if so, whether there was an available accommodation that would enable Plaintiff to perform the essential functions of his job without undue burden on Alstom and its operations. Additionally, Alstom attempted to obtain more information from Plaintiff's healthcare provider, but was unsuccessful.

Plaintiff was unwilling to provide the information that Alstom requested. Alstom eventually terminated Plaintiff on April 10, 2023 due to his deliberate refusal to report for work on scheduled work days or to cooperate with Alstom to determine if Plaintiff had a lawful basis for failing to do so.

### III. LEGAL ISSUES

#### A. **Plaintiff's Position**

Plaintiff anticipates the following legal issues:

- Whether Defendant's FMLA form asking Plaintiff's medical professional to identify his diagnoses violated California Law.
- Whether Defendant and its management staff violated Plaintiff's rights to privacy relating to his private medical information.
- Whether sending one fax and one phone call to Kaiser meets an employer's obligations under FEHA.
- Whether Defendant's had an obligation to provide Plaintiff's requested reasonable accommodations once Defendant received notice that Plaintiff's disabilities affected his ability to perform major life activities.
- Whether Defendant had the ability to give Plaintiff an ultimatum to accept certain accommodations it offered arbitrarily.
- Once Defendant was aware Plaintiff was disabled within the meaning of FEHA, Defendant's obligations to provide his requested reasonable accommodations when they did not cause an undue hardship for Alstom.
- Alstom's decision not to continue to the interactive process with Plaintiff's medical professionals after it would not respond to its inquiry: "How a one month leave will enable Kevin Ferrer to perform the essential functions of his job?" and its motivations for doing so.
- Whether an employer can condition providing an employee's reasonable accommodations to employees based on their medical professional's less than two week delay in responding to an inquiry such as: "How a one month leave will enable Kevin Ferrer [the employee] to perform the essential functions of his job?"
- When and why Defendant requires some employees to inquire with their medical professionals to obtain a response to this inquiry: "How a one month leave will enable Kevin Ferrer [the employee] to perform the essential functions of his job?"
- How Defendant's Leave policies apply to its workforce in practice.

- The training provided to Alstom's managerial employees concerning FEHA and engagement in the interactive process.
- The internal procedures that Alstom engaged in once it was on notice of Plaintiff's requests for reasonable accommodations.
- Whether Alstom failed to prevent disability discrimination in its workplace.

### B. Defendant's Position

Alstom's defenses include that all actions taken and made by Alstom with respect to Plaintiff were taken for legitimate business reasons and not on account of Plaintiff's alleged disability or any other characteristic or activity protected by applicable law, and Alstom did not otherwise engage in unlawful conduct.

Insofar as Plaintiff alleges that Alstom discriminated against Plaintiff on account of a "perceived disability," Plaintiff's alleged claims must fail.

Plaintiff did not suffer an adverse employment action under applicable law in that Plaintiff was insubordinate and refused to cooperate with Alstom's efforts to determine whether Plaintiff was entitled to a reasonable accommodation and whether such accommodation was available that would not impose an undue hardship on Alstom, and in that Plaintiff rejected a reasonable accommodation.

Plaintiff was not a qualified individual with a disability under applicable law and otherwise was not entitled to or qualified for the job in question with or without reasonable accommodation that did not impose an undue hardship on Alstom.

Plaintiff added substantial new content to Plaintiff's Position in this filing and counsel for Alstom received this new content on the afternoon of August 12, 2024, the date of this filing. Alstom is not contesting Plaintiff's right to include additional content in this filing, but Alstom has not had the opportunity to review and digest the additional information and respond, if needed.

## IV. MOTIONS

### A. Plaintiff's Position

Plaintiff anticipates discovery motions as needed and anticipates filing Motion for Summary Adjudication concerning select causes of Action.

### B. Defendant's Position

Alstom anticipates dispositive motions practice.

## V. PLEADING AMENDMENTS

### A. Plaintiff's Position

Plaintiff plans to amend his pleadings following discussions with Defense counsel.

### B. Defendant's Position

Alstom does not anticipate amending pleadings at this time.

## VI. EVIDENCE PRESERVATION

The Parties have reviewed the relevant guidelines related to the discovery and preservation of electronically stored information. The Parties intend to use reasonable and appropriate best practices for preserving and producing electronic information in compliance with and as requested by the Federal Rules of Civil Procedure.

## VII. DISCLOSURES

The Parties have exchanged initial disclosures.

## VIII. DISCOVERY

### A. Plaintiff's Position

The Parties attended a mediation ordered by the Court on July 16, 2024. The mediation failed because Defendant did not counter Plaintiff's demand. To date, Defendant's highest offer is $5,000. Plaintiff does not propose any modification to typical discovery avenues afforded by the Federal Rules of Civil Procedure, or that discovery be conducted in phases. Plaintiff proposes followed by an eight (8) month period to complete fact discovery and depositions, and a two (2) month period to conduct expert discovery thereafter.

### B. Defendant's Position

Alstom does not propose any modification to typical discovery avenues afforded by the Federal Rules of Civil Procedure, or that discovery be conducted in phases. Alstom is agreeable to an eight (8) month period to complete fact discovery and depositions, and a two (2) month period to conduct expert discovery thereafter. Defendant will not respond to Plaintiff's statements regarding settlement discussions and mediation as they are inappropriate in this context.

## IX. CLASS ACTIONS

This matter is not a case action.

## X. RELATED CASES

The Parties are unaware of related cases.

## XI. RELIEF

### A. Plaintiff's Position

As of this present date, Plaintiff is seeking general damages, special damages, statutory damages, attorneys' fees and costs of suit, and punitive damages.

### B. Defendant's Position

Alstom seeks judgment in favor of Defendant and Alstom and that Defendant or Alstom be awarded their costs of suit and attorneys' fees incurred in this action.

## XII. SETTLEMENT & ADR

The Parties have discussed alternative dispute resolution. The parties are agreeable to have the Court assign a Magistrate Judge to mediate this matter. Plaintiff does not wish to attend any further ADR sessions until discovery has been conducted.

## XIII. OTHER REFERENCES

The Parties do not believe the matter appropriate for alternative reference at this time.

## XIV. NARROWING OF ISSUES

### A. Plaintiff's Position

Plaintiff anticipates disputes regarding whether Alstom engaged in a good faith interactive process. Unfortunately, Defendant still claims that Plaintiff was not disabled and refers to his health

conditions as alleged disabilities despite confirmation from medical records Plaintiff provided to Defendant. Thus, whether Plaintiff had qualifying disabilities under FEHA is at issue. Plaintiff anticipates that Alstom will claim that Plaintiff was not able to perform the essential functions of his job with or without reasonable accommodations. Plaintiff plans on rebutting this contention during discovery. Plaintiff anticipates that Defendant will claim that Plaintiff's emotional distress was caused by alternate stressors and that their wrongful termination of his employment did not contribute to the emotional distress that he suffered. Plaintiff anticipates rebutting this argument and demonstrating that there was no undue hardship on the Defendants and they should have provided Plaintiff with the reasonable accommodation he requested—a finite, month long, medical leave of absence.

### B. Defendant's Position

Defendant anticipates the central issues in the case will be whether Plaintiff was disabled under the law, and if so, whether there was an available accommodation that would enable Plaintiff to perform the essential functions of his job without undue burden on Alstom. Further, a key issue will be whether Alstom acted reasonably in its attempts to determine if Plaintiff was disabled, and if so, whether an appropriate accommodation was available. Further, Defendant anticipates that the veracity of Plaintiff's allegations about his condition may become an issue, depending on the information obtained in discovery.

## XV. EXPEDITED TRIAL PROCEDURES

### A. Plaintiff's Position

Plaintiff does not believe the matter suited to the expedited trial procedures of General Order No. 64.

### B. Defendant's Position

Alstom does not believe the matter suited to the expedited trial procedures of General Order No. 64.

## XVI. SCHEDULING

### A. Joint Proposed Schedule

| Calendar Event | Proposed Date |
| --- | --- |
| Informal Pre-Mediation Discovery Cut Off | May 31, 2024 |
| Completion of Initial ADR Session | July 31, 2024 |
| Fact Discovery Cut Off | March 31, 2025 |
| Expert Witness Disclosures | April 15, 2025 |
| Expert Discovery Cut Off | May 15, 2025 |
| Dispositive Motion Filing Cut Off | May 31, 2025* |
| Pretrial Conference | August 7, 2025 |
| Trial | August 18, 2025 |

* Defendant proposes to change the Dispositive Motion deadline from March 31 to May 31, as Defendant views the March date an error in the parties' original filing. The March date is the same as the fact discovery cut-off and is prior to the close of expert discovery. However, Plaintiff objects to changing this date.

## XVII. TRIAL

### A. Plaintiff's Position

Plaintiff anticipates a 5-7 day trial.

### B. Defendant's Position

Alstom anticipates no more than 5-7 days are needed for trial.

## XVIII. DISCLOSURE OF NON-PARTY INTERESTED PERSONS

### A. Plaintiff's Position

- Kevin Ferrer
- Alstom Transportation, Inc.
- Melody Rissell Leonard, Rissell Law APC
- William S. Myers, Eckert Seamans Cherin & Mellott, LLC

**B. Defendant's Position**

Alstom filed its Corporate Disclosure Statement and Certification of Interested Parties or Persons at ECF No. 4. Pursuant to Federal Rule of Civil Procedure 7.1(a)(1) and Civil L.R. 3-15, interested entities include:

- Alstom Transportation, Inc.
- Alstom Transport Holding US Inc.
- Alstom Transport Holdings B.V.
- Alstom Holdings SA

## XIX. PROFESSIONAL CONDUCT

The Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

## XX. OTHER MATTERS

The Parties are unaware of other matters relevant to just, speedy, and inexpensive disposition of the matter. Should this change as proceedings continue, the Parties will update Court accordingly.

Dated: August 13, 2024

*/s/ Melody Rissell Leonard*
Melody Rissell Leonard
Counsel for Plaintiff

*/s/ Gretchen N Panchik*
Gretchen N. Panchik
Counsel for Defendant

CASE MANAGEMENT ORDER

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions.

IT IS SO ORDERED.

Dated: _____

Jacqueline Scott Corley
United States District Judge

- 13 -
JOINT RULE 26(F) REPORT